UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROBERT CARNEY, appearing herein as SUPERB ENTERTAINMENT,  Plaintiff,  v.  PARAMOUNT THEATER, et al.,  Defendants. | CIVIL ACTION NO. 06-5362 (MLC)  **MEMORANDUM OPINION** |

**THE PLAINTIFF PRO SE** applies for in-forma-pauperis relief under 28 U.S.C. § 1915 ("Application") in this action against the defendants, (1) Paramount Theater ("PMT"), (2) the City of Asbury Park, and (3) Gilbert Reed and Louis Jordan, who appear to be Asbury Park police officials.  The Court will address the Application before reviewing the complaint's sufficiency.  See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

**APPLICATION**

The plaintiff asserts that he (1) was last employed in June 2004, (2) has $5 in savings and received no income in the last twelve months, (3) owns nothing of value, and (4) is homeless. (App., at 1-2; Compl., at 9.)  However, he asserts that he (1) is the sole proprietor of a business that was running at least through November 2004, (2) provides $58 a week to a daughter, (3) has brought an action in state court recently, and (4) owns a car.  (App., at 2; Compl., at 1, 4, & 9 (stating he has a "car note").)  He fails to explain (1) whether he receives any income

from his business and, if not, why he is otherwise unemployed, (2) how he is able to provide $58 a week to support a child if he is without income or savings, (3) whether he paid a filing fee in any recent litigation and, if so, how he was able to do so, and (4) whether he owns a car.

The Court will deny the Application because the plaintiff fails to show entitlement to in-forma-pauperis relief. See Spence v. Cmty. Life Improv., No. 03-3406, 2003 WL 21500007, at *1 (E.D. Pa. June 26, 2003); Daniels v. County of Media, No. 03-377, 2003 WL 21294910, at *1 (E.D. Pa. Feb. 6, 2003); White v. Carollo, No. 01-4553, 2001 WL 1159845, at *1 (E.D. Pa. Sept. 13, 2001).  It is the plaintiff's burden to "provide the [Court] with the financial information it need[s] to make a determination as to whether he qualifie[s] for in forma pauperis status."  Thompson v. Pisano, No. 06-1817, slip op. at 1 (3d Cir. Nov. 15, 2006) (dismissing appeal from order denying in-forma-pauperis application, as appellant "despite being informed of . . . deficiency, . . . took no action to rectify it").  If the plaintiff applies again for in-forma-pauperis relief, he should clarify (1) whether he receives any income from his business or any other source, (2) how he is able to support a child, (3) whether he paid a filing fee elsewhere, and (4) whether he owns a car or anything of value.

## THE COMPLAINT

The Court may direct sua sponte that a complaint not be filed if it is frivolous, fails to state a claim on which relief may be

granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must construe a pro se complaint liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court also must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). But the Court need not credit a plaintiff's bald assertions or legal conclusions. Id.

    The plaintiff seems to assert that (1) he is a promoter of events, (2) he contracted in July 2004 with PMT, a "privately owned" theater, to stage a "Hip Hop" and "youth empowerment event" in September or November 2004 to encourage young people to vote, (3) PMT failed to advertise the event, (4) he was advised two weeks before the event that he would be required to pay $25,000 in advance for more security and police presence, (5) Reed told him that if the event "proceeded without permission that anyone found on the [PMT] grounds [would] be arrested," and (6) PMT and the Asbury Park police cancelled the event when he refused to pay. The plaintiff apparently asserts a cause of action for breach of contract against PMT, and causes of action against all defendants under 42 U.S.C. § 1983 for violations of the First and Fourteenth Amendments for preventing the event. He also claims that similar events, such as a "rock festival," were

3

permitted to pay for extra police presence after, rather than before, those events occurred.

The plaintiff, however, states that his effort "to recoup what was lost" due to the defendants' conduct:

> was prevented in Superior Court of Monmouth County NJ Special Civil Part on the ground that the defendants lied to the Judge by stating that the plaintiff is a corporation.  Their devious tactics have prolonged the hardship of the plaintiff as the defendants lied to the court to secure a victory.  The plaintiff's provable evidence was overlooked by the court.

(Compl., at 4 (as stated in original); see id. at 5 (stating "defendants did not contests [sic] the allegations against them in court").)  The plaintiff has brought two actions — one in April 2005 and one in February 2006 — against the defendants in New Jersey Superior Court, Monmouth County ("State Actions").[1]  Thus, this federal action is barred in its entirety on several separate grounds.

## I.   Rooker-Feldman Doctrine

The Court lacks jurisdiction here, as it appears that the plaintiff's claims were — or could have been — raised in the State Actions, from which he should have sought review through the state appellate process and, if warranted, certiorari to the United States Supreme Court.  See D.C. Ct. of Apps. v. Feldman, 460 U.S.

---

[1]  Westlaw's "Lawsuit Records" library lists the State Actions under Docket No. 05-4769 and Docket No. 06-4242.

462, 482 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923).  A losing party may not "seek[] what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."  Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994).  Thus:

> The Rooker-Feldman doctrine prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling.  Stated another way, Rooker-Feldman does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders.

McAllister v. Allegheny Cty. Family Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005) (cites and quotes omitted).  If the plaintiff has been aggrieved because "the defendants lied to the [state] court to secure a victory," and "evidence was overlooked by the [state] court," then the plaintiff should continue to seek relief in the state court system.[2]

**II.  Res Judicata and Entire Controversy Doctrine**

This action also appears to be barred by res judicata and the entire controversy doctrine.  The Court may sua sponte

---

[2] The Court, in the alternative, also could abstain from exercising jurisdiction here under the Younger abstention doctrine, as (1) the State Actions may be ongoing, (2) they implicate important state interests, and (3) there is an adequate opportunity to raise federal claims therein.  See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971).

consider affirmative defenses, which are generally subject to waiver by the defendants, when screening a pro se complaint in conjunction with an in-forma-pauperis application. Bieregu v. Ashcroft, 259 F.Supp.2d 342, 355 n.11 (D.N.J. 2003); Johnstone v. United States, 980 F.Supp. 148, 153-54 (E.D. Pa. 1997).

### A.   Res Judicata

Res judicata, or claim preclusion:

> will bar a suit if (1) the judgment in the first action is valid, final and on the merits; (2) the parties in both actions are the same or are in privity with each other; and (3) the claims in the second action . . . arise from the same transaction or occurrence as the claims in the first one.

Sibert v. Phelan, 901 F.Supp. 183, 186 (D.N.J. 1995).  Thus, under res judicata, a judgment is given "preclusive effect" by "foreclosing litigation of matters that should have been raised in an earlier suit." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984).  As a result, a judgment "foreclos[es] litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." Id.

All of the components of res judicata appear to have been satisfied, and thus the action is barred thereunder.  "A judgment that is final and therefore res judicata in the courts of one state ordinarily must be given full faith and credit by all other courts in the United States." Flood v. Braaten, 727 F.2d 303, 308 (3d Cir. 1984).  The parties named here are named, or in

6

privity with those named, in the State Actions.  The claims here — as is apparent from the plaintiff's own description of the State Actions — arise from the same transactions or occurrences as the claims addressed in the State Actions.

    **B.**    **Entire Controversy Doctrine**[3]

The entire controversy doctrine is:

> based on the principle that the adjudication of a legal controversy should occur in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy. Successive claims are deemed to constitute a single controversy for purposes of the entire controversy doctrine when the claims arise from related facts or the same transaction or series of transactions.

Okpor v. Rutgers, State Univ. of N.J., No. 05-5301, 2006 WL 2641829, at *2 (3d Cir. Sept. 15, 2006) (quotes and cites omitted); see Fornarotto v. Am. Waterworks Co., 144 F.3d 276, 278 (3d Cir. 1998) (stating doctrine and res judicata are blood relatives); Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 965 (3d Cir. 1991) (stating doctrine reaches more broadly than res judicata).

All of the components of the doctrine appear to have been satisfied, and thus the action is barred thereunder.  The adjudication of the underlying legal controversy here should have occurred during the course of the State Actions.  The plaintiff's successive claims here — as is apparent from his own description

---

    [3]    The entire controversy doctrine applies here.  See Rycoline Prods. v. C&W Unltd., 109 F.3d 883, 887 (3d Cir. 1997).

of the State Actions — arise from related facts or the same transaction or series of transactions.[4]

### III. 42 U.S.C. § 1983

The plaintiff appears to assert a claim under 42 U.S.C. § 1983 against PMT, which he describes as "privately owned." But a private entity may be subject to liability thereunder only when (1) it exercises powers that are traditionally the exclusive prerogative of the state, Mark v. Bor. of Hatboro, 51 F.3d 1137, 1141-42 (3d Cir. 1995), (2) the state and the private entity act in concert or jointly to deprive a plaintiff of rights, Adickes v. S.H. Kress & Co., 398 U.S. 144, 170-71 (1970), (3) the state has permitted the private entity to substitute that entity's judgment for that of the state, Cruz v. Donnelly, 727 F.2d 79, 81-82 (3d Cir. 1984), or (4) the private entity and the state have a symbiotic relationship as joint participants in the unconstitutional activity. Edmonson v. Leesville Concrete Co., 500 U.S. 614, 620 (1991); Mark, 51 F.3d at 1143.

The plaintiff's claim against PMT under 42 U.S.C. § 1983, in addition to the reasons discussed supra, is also barred because

---

[4] The action may also be barred by collateral estoppel, or issue preclusion, which proscribes relitigation when (1) the identical issues were decided in a prior adjudication, (2) there was a final judgment on the merits, (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication, and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issues. See Bd. of Trs. of Trucking Em'ees of N. Jersey Welfare Fund v. Centra, 983 F.2d 495, 505 (3d Cir. 1992).

8

he does not appear to allege that PMT is a state actor or acted under color of state law. See DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1989) (stating Fourteenth Amendment's "purpose was to protect the people from the State, not to ensure that the State protected them from each other"); Van Ort v. Est. of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996) (stating individuals "have no right to be free from the infliction of [constitutional] harm by private actors"); Jones v. Arbor, Inc., 820 F.Supp. 205, 208 (E.D. Pa. 1993) (stating plaintiff did not allege defendant was state actor or had such symbiotic relationship with state so as to be instrumentality of state).

## CONCLUSION

The complaint fails to state a claim on which relief may be granted under the Rooker-Feldman doctrine, res judicata, and the entire controversy doctrine. The claim under 42 U.S.C. § 1983 against PMT also is barred because PMT is a private entity. The plaintiff's claims also may be barred, in the alternative, under the Younger abstention doctrine and collateral estoppel. The Court will direct the Clerk of the Court (1) not to file the complaint, and (2) to designate the action as closed. The Court will issue an appropriate order and judgment.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge